NO. 07-03-0435-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 14, 2004

_____


HORACIO MORALES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B13938-0101; HONORABLE ED SELF, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Horacio Morales appeals from a judgment revoking his community supervision and imposing sentence pursuant to conviction for possession of a controlled substance (cocaine) in an amount of one or more grams but less than four grams. We affirm.

In accordance with a plea bargain, appellant entered a plea of guilty to a charge of possession of a controlled substance. The judge of the 242nd District Court of Hale County found that the evidence substantiated appellant's guilt, accepted the guilty plea, found appellant guilty, and sentenced appellant to confinement for two years and a fine of $1,000. The confinement portion of the sentence was suspended and appellant was placed on community supervision for five years.

The State filed a motion to revoke appellant's community supervision which was heard on October 13, 2003. Appellant pled not true to the violations alleged as the basis for the motion. After hearing testimony from appellant's community supervisor officer, the trial court found that appellant had violated terms of his probation, revoked the order placing appellant on community supervision, and ordered that appellant serve the two- year confinement portion of his sentence in the Institutional Division of the Texas Department of Criminal Justice.

Counsel for appellant has filed a Motion to Withdraw and a Brief in Support thereof. In support of the motion to withdraw, counsel has certified that, in compliance with Anders v. California, 386 U.S. 738, 744-745, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the record has been diligently reviewed and that, in the opinion of counsel, the record reflects no reversible error or grounds upon which a non-frivolous appeal can arguably be predicated. Counsel thus concludes that the appeal is frivolous.

In reaching the conclusion that the appeal is frivolous, counsel identifies one possible issue. That issue is based on whether there was legally and factually sufficient

evidence for the trial court to find that appellant violated the terms of his community supervision. However, after referencing, analyzing and discussing the record of the trial, counsel has discussed why, under the controlling authorities, there is no arguably reversible error in the trial court's judgment. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).

Counsel has attached exhibits showing that a copy of the Anders brief and Motion to Withdraw have been forwarded to appellant, and that counsel has appropriately advised appellant of appellant's right to review the record and file a *pro se* response to counsel's motion and brief. Appellant did not file a response.

We have made an independent examination of the record to determine whether there are any arguable grounds for appeal. See Penson v. Ohio, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such grounds. We agree that the appeal is frivolous.

Accordingly, counsel's Motion to Withdraw is granted. The judgment of the trial court is affirmed.

Phil Johnson
Chief Justice

Do not publish.